# STIRMAN & SHEA, P.C.

## ATTORNEYS AT LAW
### COMPASS BANK BUILDING
### 25211 GROGANS MILL ROAD, SUITE 120
### THE WOODLANDS, TEXAS 77380-2174

DONALD S. STIRMAN
MEDIATOR
KEVIN T. SHEA (1972-2013)
BOARD CERTIFIED
CONSUMER AND COMMERCIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
ROBIN WEINBURGH

TELEPHONE (281) 367-5955
FAX (281) 292-7905
DSTIRMAN@STIRMANLAW.COM
RWEINBURGH@STIRMANLAW.COM

March 23, 2015

**Via Email (byron_thomas@txs.uscourts.gov) and U.S. Mail**
Byron Thomas, Case Manager to Judge Vanessa D. Gilmore
United States Courthouse
515 Rusk Ave., Room 5300
Houston, Texas 77002

Re:     *Plummer, et al v. University of Houston, et al.,* Case No. 4:14-cv-02959

Dear Mr. Thomas:

This letter is provided in accordance with Judge Gilmore's procedures for discovery disputes. The undersigned counsel has unsuccessfully conferred with opposing counsel in a good faith effort to resolve the issues in dispute. We respectfully request a brief phone conference with the Court.

The dispute between the parties is simple: the Defendants have refused to provide responsive documents in response to the following request: "All documents concerning any investigation that a student has engaged in Sexual Misconduct, including violations of the University of Houston Sexual Misconduct Policies, from 2010 to the present. . . ." The Defendants objected: "This request for production is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that the request seeks student information protected from disclosure to third parties by the Family Educational Rights and Privacy Act (FERPA)." The Defendants produced only the attached spreadsheet.

This relevance objection is improper. The documents are necessary to determine if UH has a discriminatory pattern and practice in the enforcement of its Sexual Misconduct Policy in accordance with the Plaintiffs' Title IX claim. In reviewing the spreadsheet, it appears that *every* sanction imposed by UH for an allegation of sexual assault involved a female victim and a male respondent (the female respondent in this case was expelled for allegedly "facilitating" a sexual assault by a male). Defendants should produce this information, as the Plaintiffs are entitled to discovery aimed at establishing that a pattern of discrimination based on sex was UH's standard operating procedure rather than an unusual practice.

The FERPA objection is inappropriate: (a) this Court has already entered a Protective Order to assure the confidentiality of these records; and (b) the Plaintiffs have suggested that the Defendants can produce redacted records at this stage. *See Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 293 (E.D.N.Y. 2008) ("there is nothing in FERPA that would prohibit Defendants from releasing education records that had all 'personally identifiable information' redacted").

Sincerely,
/s/ Robin K. Weinburgh

cc:     Melissa Ruth Holman (melissa.holman@texasattorneygeneral.gov)
Susan Marie Watson (susan.watson@texasattorneygeneral.gov)
William T Deane (bill.deane@texasattorneygeneral.gov)
Joshua Engel (engel@mkallenlaw.com)