# ATTORNEY GENERAL OF TEXAS
### KEN PAXTON

March 25, 2015

<u>Via E-Mail</u>
Byron Thomas, Case Manager to Judge Vanessa D. Gilmore
United States Courthouse 515 Rusk Ave., Room 5300 Houston, Texas 77002

**Re**: *Plummer, et al v. University of Houston, et al.,* **Case No. 4:14-cv-02959**

Dear Mr. Thomas:

Defendants hereby submit their response to Plaintiffs' letter to the Court regarding a purported discovery dispute. Plaintiffs' Request for Production No. 4 requests as follows: "**All documents concerning any investigation that a student has engaged in Sexual Misconduct,** including violations of the University of Houston Sexual Misconduct Policies, from 2010 to the present. This request includes: (a) Any reports, as well as all notes, recordings and/or transcripts of interviews with witnesses obtained during the investigation; (b) Any documents showing the resolution of any appeal or hearing on the allegations, including any sanctions or discipline imposed on a student; (c) Any accommodations provided to the alleged victim; (d) Any correspondence with the student accused of Sexual misconduct and the alleged victim of the Sexual Misconduct; and (e) Any transcripts or recordings of any hearings."

Defendants objected to the request as "…overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." The request also seeks confidential information under FERPA. Nevertheless, Defendants produced a summary of relevant cases within the last 4 years as well as redacted documents reflecting the outcome of those cases. We have since learned that some documents are unavailable because they no longer exist. Others may not be disclosed, despite the Agreed Protective Order on file, pursuant to FERPA. 34 CFR 99.31(a)(9), states in pertinent part as follows:

(a) An educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by § 99.30 if the disclosure meets one or more of the following conditions:. . .(9)(i) The disclosure is to comply with a **judicial order** or **lawfully issued subpoena**. (ii) The educational agency or institution may disclose information under paragraph (a)(9)(i) of this section **only if the agency or institution makes a reasonable effort to notify the parent or eligible student** of the order or subpoena in advance of compliance, **so that the parent or eligible student may seek protective action**, unless the disclosure is in compliance with—(inapplicable provisions). Defendants have not received a Court order a lawfully issued subpoena triggering the duty to provide the requisite notice, which would result in the possibility of this Court entertaining potentially hundreds of interventions in this case. Defendants have made all reasonable efforts to comply with both the law and Plaintiffs' request.

Thank you for your attention to this matter.

Sincerely,
Susan M. Watson
Assistant Attorney General

Post Office Box 12548, Austin, Texas 78711-2548 tel: (512)463-2100 web: www.oag.state.tx.us
*An Equal Employment Opportunity Employer · Printed on Recycled Paper*